FILED
 2012 Nov-06 AM 10:26
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **EDWARD ALLEN HAMES,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | Case No. CV-12-S-197-E |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant, Edward Allen Hames, commenced this action on January 18, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ erred in finding him capable of performing light work. Upon review of the record, the court concludes that claimant's contention lacks merit, and that the Commissioner's ruling is due to be affirmed.

The ALJ found that claimant suffered from the severe impairments of major depressive disorder (vs. an adjustment disorder with depressed and anxious mood) and posttraumatic lumbar osteoarthritis, status post fusion.[1]  He nonetheless concluded that claimant retained

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he cannot crawl, or climb ladders, ropes or scaffolds. He is capable of occasional climbing of ramps or stairs, stooping, kneeling, and crouching. He should avoid concentrated exposure to extreme cold and excessive vibration. He can do simple work, defined as unskilled work with an SVP of 1-2.[2]

Claimant asserts that the ALJ should have found him capable of performing only sedentary work, not light work. That distinction is significant because, as an allegedly illiterate younger individual age 45-49 who is capable of only unskilled, sedentary work, claimant would be disabled under Medical-Vocational Rule 201.17. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.17.[3]

---

[1] Tr. 13.

[2] Tr. 15.

[3] The Commissioner asserts that the evidence does not support a finding that claimant is illiterate. It is not necessary to determine whether the Commissioner is correct because, even

2

Social Security regulations define "light" work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, *or* when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (emphasis supplied). Claimant asserts that the record does not support his ability to do "a good deal of walking or standing," as required by the regulation.

As an initial matter, it should be noted that claimant's ability to stand and walk is not the only factor bearing on the level of work the claimant is able to perform under the regulations. The use of the disjunctive term "or" in the second sentence of § 404.1567(b) clearly indicates that a job involving sitting most of the time with some pushing and pulling of arm or leg controls is "light work," even if it does not require "a good deal of walking or standing." The ALJ did not find claimant to be limited in his ability to push and pull arm and leg controls, and claimant has not offered any evidence that he is so impaired.

---

assuming that claimant is illiterate, he would not be disabled under the grids because substantial evidence supports the ALJ's finding that claimant is capable of performing more than sedentary work.

Moreover, all claimant offers to support his argument are his allegations of limited daily activities, and a conclusory reference to his "past lumbar surgery . . ., back pain, and present difficulties with the metal plates inserted during his spinal fusion."[4]  The record simply does not corroborate claimant's conclusory assertions.  First of all, the ALJ found claimant's subjective complaints of pain and resulting limitations to be less than fully credible.  The ALJ stated that

> there were strong indications at the hearing that the claimant was not being entirely honest.  Initially, he claimed to not know his own age.  Later, he testified that he finished only the 6th grade in special education and that he cannot read.  However, this is inconsistent with what he told the consultative examiner.  He indicated in that examination that he finished 9th grade with no special education . . . .  The Social Security file from the case data also reflects that the claimant told the Agency when he filed, that he completed the 9th grade in 1981.[5]

The ALJ further noted that claimant's ability to perform even a limited amount of yard work on the weekends was inconsistent with his complaints of pain at an 8-9 level 2-3 times per day.[6]  Those were proper considerations in evaluating claimant's credibility, and the ALJ's conclusions were supported by substantial evidence.  *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,*

---

[4] Doc. no. 9 (claimant's brief), at 13.
[5] Tr. 16.
[6] Tr. 17.

734 F.2d 513, 517 (11th Cir. 1984)).  *See also* 20 C.F.R. §§ 404.1529(c)(3) & (4).

Finally, the medical evidence of record supports the ALJ's finding that claimant is capable of performing light work.  Dr. Kishin Gehi, the consultative examiner, noted on December 17, 2009, that claimant reported progressively worsening back pain as a result of a fall.  On examination, claimant had full range of motion of his cervical spine; 40 degrees flexion and 10 degrees extension of his lumbar spine; 20 degrees flexion on both sides; 20 degrees rotation right anterior rotation and left lateral rotation; and full range of motion in all other joints.  His motor system was within normal limits.  He could stand on his toes and heels and walk with a normal gait.  Dr. Gehi's impressions were acute and chronic low back pain, probably secondary to arthritis, and symptoms of depression secondary to chronic pain.[7]  Although Dr. Gehi did not assess specific functional limitations, his clinical examination findings are consistent with an ability to perform light work as defined in the regulations.  No other medical provider, either treating or consultative, has indicated that claimant suffers a higher level of impairment than that assessed by the ALJ, and the medical evidence as a whole supports the ALJ's decision.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed

---

[7] Tr. 317-18.

against claimant.  The Clerk is directed to close this file.

    DONE this 6th day of November, 2012.

                                         _____
                                         United States District Judge